IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                            OPINION AND ORDER

                Plaintiff,

                                            07-cr-118-bbc

      v.

WAYNE RUOHO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Wayne Ruoho was convicted in 2008 of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and sentenced to a term of more than 24 years in prison. He now moves for compassionate release under 18 U.S.C.§ 3582(c)(1)(A), in light of what he says are serious health problems. He asks for a sentence reduced to "time served." Dkt. #56. For the reasons that follow, I conclude that defendant has failed to show that a reduced sentence is warranted in his case.

BACKGROUND

Defendant entered a plea of guilty to the charge of conspiring to possess with intent to distribute more than 500 grams of methamphetamine between the years 2001 and 2004. In fact, defendant and his co-conspirators, Ryan Dougherty and James Bruflodt, had been distributing methamphetamine since the late 1990s, importing it from California to

1

Minnesota, where they and others distributed it in Minnesota and Wisconsin.

At sentencing, defendant was held responsible for 5 to 15 kilograms of methamphetamine. His sentence was increased for possession of a gun and for his role in the offense. He was denied a reduction for acceptance of responsibility after the court found that he had made a frivolous denial of his possession of a firearm. The court found that he had been involved in the methamphetamine distribution conspiracy from 1997 through 2004. Also at sentencing, he was found to have been in possession of at least one firearm, to have been a leader in the conspiracy and to have failed to accept responsibility for his criminal acts. Dkt. #38, p. 4. He received a sentence of 336 months in prison, which was below the guidelines for his offense.

According to the presentence report in this case, defendant had been convicted conspiracy to sell cocaine in 1993, when he was 26, and sentenced to a term of 74 months of imprisonment. PSR ¶ 105. That term of supervised release did not expire until 1999, when he was already heavily involved in the drug conspiracy charged in this case. He has had little if any legitimate employment for most of his adult life. Id.

It is not clear when defendant's substance abuse came to an end because he has given differing accounts. At one point, he said that his dual addictions of gambling and powder cocaine did not become a problem for him until 2001, after the conspiracy began. However, this admission is at odds with his statement in his letter seeking compassionate release, dkt. #56-2, in which he says he stopped using all drugs and alcohol in 1993. He says now that he told this court at sentencing that he was still addicted because his counsel advised him that

2

saying this to the court would lead to treatment and time off.

Defendant was 41 when he was sentenced. He was obese then and, according to his counsel, he is now morbidly obese at 350 pounds and 5'11". In addition, he has high cholesterol and obstructive sleep apnea. He has had other serious health problems in the past, but they have been treated successfully. The extensive medical reports in the file show that he has been receiving care for his remaining medical problems at the Federal Medical Center in Rochester, Minnesota, where he is housed. As of the date of defendant's filing, the institution had no active COVID-19 cases.

## OPINION

It appears that defendant has exhausted all of his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). The government acknowledges that thirty days have elapsed since he made the required request for compassionate release and that he has at least one medical problem that presents a compelling and extraordinary reason that may warrant release: his morbid obesity has been identified as a higher risk should he contract the COVID-19 virus. Nevertheless, the government opposes a reduction in defendant's sentence, contending that he would present a danger to the community if he were to be released, in violation of 18 U.S.C. § 3142(g). It adds that defendant's sentence still has 11 years to run, even when good time is taken into account.

It is true, as defendant argues, that he has a good prison record. He has taken a number

of educational programs, completed a carpentry apprenticeship and helped teach carpentry to other inmates. In addition, he is a member of the Bureau of Prisons' suicide prevention program and has been a lead mentor in the bureau's Youth Mentor Program. It is also true that he is the only one of the persons sentenced in the conspiracy who is still in prison, but this fact is of little significance. Neither of the two men involved with him in arranging for drugs to be brought into Minnesota was charged with him; both were charged in Minnesota.

Defendant reports a number of medical problems that he has had in the past or is living with today. Fortunately for him, he is housed at a federal medical center. Not only has there not been any case of COVID-19 among the inmates at the center, the facility is well equipped to care for defendant's medical problems. For example, when his blood pressure readings were high in late May of this year, he was taken to a hospital for a cardiogram.

Although defendant's counsel argues that "incarcerated persons face a significantly higher risk of infection than the general public," dkt. #56, p. 1, it is unlikely that this is the case for an incarcerated person at a federal medical center that has access to the Mayo Clinic. A review of defendant's medical records from the medical center reveals that he has received frequent and effective care. Dkt. #57. Whether he would receive equally effective treatment outside of prison is questionable. It is also questionable whether he would be as well protected from the COVID-19 virus if he were out in the community.

I conclude that defendant has failed to show that he should be given a compassionate release in light of his long history of drug addiction, his extended involvement in drug dealing, his possession of a gun in connection with his drug dealing, his failure to accept responsibility

for his criminal activity, the near absence of any legitimate employment during his adult life and because he has not shown that he is at any greater risk for infection from the COVID-19 virus than he would be were he out of prison.

ORDER

IT IS ORDERED that defendant Wayne Ruoho's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), dkt. #56, is DENIED.

Entered this 19th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge